trial court did not abuse its discretion in considering this affidavit,[12] and the court of appeals did not err in finding that Kirkland had personal knowledge.

{¶ 41} I would affirm the court of appeals' judgment on the "personal knowledge" issue and address the other issues in this appeal.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing dissenting opinion.

---

Linton & Hirshman, Robert F. Linton, Jr., and Mark W. Ruf; Allen Schulman & Assoc., Inc., and Allen Schulman, Jr., for appellant.

Howes, Daane, Milligan, Kyhos & Erwin, L.L.P., Philip E. Howes and Thomas R. Himmelspach, for appellee.

Squire, Sanders & Dempsey, L.L.P., and Charles F. Clarke, urging affirmance for amicus curiae Association of American Railroads.

Clark, Perdue, Roberts & Scott Co., L.P.A., and Paul O. Scott; and Dorothy H. Bretnall, urging reversal for amicus curiae Ohio Academy of Trial Lawyers.

THE STATE EX REL. YOUNG, APPELLANT, *v.* U.S. ENERGY CORPORATION ET AL.; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Young v. U.S. Energy Corp.,*
95 Ohio St.3d 324, 2002-Ohio-2215.]

---

12. The trial court implicitly found that Kirkland had personal knowledge when it overruled Bonacorsi's motion to strike the affidavit. However, the trial court never found that W&LE had established that federal funds were used to install the crossbuck sign at the Howe Road crossing. Instead, it denied the partial motion for summary judgment on another ground. Thus, the court of appeals had authority to review the "personal knowledge" issue but did not have the authority to find that federal funds were used to install the sign in question because it did not have anything from the trial court to review. See *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 360, 604 N.E.2d 138; see, also, *Fulmer v. Insura Prop. & Cas. Co.* (2002), 94 Ohio St.3d 85, 99–100, 760 N.E.2d 392 (Cook, J., dissenting); *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 89, 585 N.E.2d 384.

(No. 2001–1264—Submitted April 9, 2002—Decided May 22, 2002.)

{¶ 1}  The judgment of the court of appeals is affirmed consistent with the opinion of the court of appeals.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

Robert M. Robinson, for appellant.

Betty D. Montgomery, Attorney General, and Jacob Dobres, Assistant Attorney General, for appellee.

CINCINNATI INSURANCE COMPANY, APPELLEE, *v.*
COLELLI & ASSOCIATES, INC., APPELLANT.

[Cite as *Cincinnati Ins. Co. v. Colelli & Assoc.,*
*Inc.,* 95 Ohio St.3d 325, 2002-Ohio-2214.]

(No. 2001–1309—Submitted April 10, 2002—Decided May 22, 2002.)

{¶ 1}  The judgment of the court of appeals is reversed on the authority of *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555.  The holding in *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 30 OBR 424, 507 N.E.2d 1118, is limited to its facts.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, HARSHA and LUNDBERG STRATTON, JJ., concur.

WILLIAM H. HARSHA III, J., of the Fourth Appellate District, sitting for COOK, J.